Timothy R. Snowball, Cal Bar No. 317379
tsnowball@freedomfoundation.com
Shella Alcabes, Cal Bar No. 267551
salcabes@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA 98507
Telephone: (360) 956-3482

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WENDY BAKER**, individual,<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION, RIVER DELTA VALLEY CHAPTER 821**, an employee organization; **STOCKTON UNIFIED SCHOOL DISTRICT PAYROLL OPERATIONS MANANGER TAMMY REYNOLDS**, in her official capacity; and **STOCKTON UNIFIED SCHOOL DISTRICT SUPERINTENDENT MICHELLE RODRIGUEZ**, in her official capacity,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES FOR VIOLATION OF CIVIL RIGHTS, AND STATE LAW CLAIM.**<br><br>[42 U.S.C. § 1983]<br><br>**DEMAND FOR JURY** |

COMPLAINT
No.

1

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

1

## INTRODUCTION

2      Plaintiff Wendy Baker attempted to opt out of membership and dues

3 deductions for Defendant California School Employees Association, River Delta

4 Valley Chapter 821 (CSEA). CSEA refused to stop taking dues, although it did let

5 her out of membership. After Ms. Baker's counsel sent a demand letter to CSEA

6 requesting that it cease the deductions, in July 2022 CSEA agreed in a written

7 settlement agreement to stop directing Stockton Unified School District Defendants

8 Tammy Reynolds and Michelle Rodriguez to take Ms. Baker's lawfully earned

9 wages for use in CSEA's political speech. However, the nonconsensual deductions

10 from Ms. Baker's wages continued unabated.[1]

11      Since August 2022, the Defendants have taken Ms. Baker's lawfully earned

12 wages for use in CSEA's political speech without her affirmative consent, as

13 required by the First Amendment. *See Janus v. Am. Fed'n of State, Cnty. & Mun.*

14 *Emps., Council 31*, 138 S. Ct. 2448, 2486 (2018). This includes nonconsensual

15 deductions for CSEA's political speech in the form of collective bargaining

16 activities, and explicit deductions for CSEA's "Victory Club," which is used to

17 support candidates of CSEA's choosing at the local, state, and federal levels. Further,

18 the Defendants have failed to provide Ms. Baker with any of the pre-deprivation

19 procedural safeguards required by the First Amendment, *Chicago Tchrs. Union, Loc.*

20

---

[1] Except for certain variations which annually occur for certain months, such as all CSEA deductions ceasing during
the month of July.

21

22

23

COMPLAINT                                           2
No.

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

24

No. 1, AFT, AFL-CIO v. Hudson, 475 U.S. 292, 301 (1986), or the Fourteenth Amendment, see e.g., Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980).

For these reasons, Ms. Baker brings this action pursuant to 42 U.S.C. § 1983 seeking equitable remedies against the District Defendants to end the continuing violation of her First Amendment and Fourteenth Amendment rights, and compensatory damages, nominal damages, and equitable relief against CSEA for the same injuries, and the related breach of contract.

## JURISDICTION AND VENUE

1.      This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 (action for deprivation of federal civil rights), 28 U.S.C. §§ 2201-2202 (action for declaratory relief), including relief pursuant to Federal Rule of Civil Procedure 65 (permanent injunctive relief).

2.      The Court has subject-matter jurisdiction over Ms. Baker's federal claims under 28 U.S.C. § 1331 (federal questions) and 28 U.S.C. § 1343 (deprivation of federal civil rights).

3.      The Court has also subject-matter jurisdiction over Ms. Baker's California state law claims, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because those claims arose under the same nucleus of operative facts as her federal claims.

4.      Venue is proper in the Eastern District of California pursuant to 28

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), because all Defendants are residents of California, and a substantial part of the events giving rise to this action occurred in this judicial district.

5.      The Defendants are "persons" within the meaning of 42 U.S.C. § 1983. *Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 941-42 (1982); *Ex parte Young*, 209 U.S. 123 (1908).

## PARTIES

6.      Plaintiff Wendy Baker has served as an interpreter and translator specialist for the Stockton Unified School District since 2009. Ms. Baker works and resides in San Joaquin County.

7.      Defendant CSEA, River Delta Valley Chapter 821, is the exclusive representative for Ms. Baker's bargaining unit within the Stockton Unified School District. Under Cal. Educ. Code § 45060(e), and Article 3.1.2 of the applicable Collective Bargaining Agreement (CBA), CSEA has the exclusive authority to claim that a worker has affirmatively consented to have union dues withdrawn from their lawfully earned wages. CSEA Chapter 821's office address is 5375 West Ln, Stockton, CA 95210.

8.      Defendant Tammy Reynolds is the Payroll Operations Manager for the Stockton Unified School District. In this role, Ms. Reynolds manages the District's central payroll and oversees the administration of the District's payroll system. Ms.

COMPLAINT
No.

4

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

Reynold's principal place of business is 56 South Lincoln Street, Stockton, California, 95203.

9.     Defendant Michelle Rodriguez is the Superintendent for the Stockton Unified School District. In this role, she manages all District departments, including payroll services. Ms. Rodriguez's principal place of business is 56 South Lincoln Street, Stockton, California, 95203

## FACTUAL ALLEGATIONS

### A. Wendy Baker Attempts to Opt Out of CSEA

10.     To the best of her recollection, the only document Ms. Baker ever signed with CSEA was a membership application upon hire in 2009, which contained no restrictions on resigning membership or ceasing dues deductions.

11.     In April 2022, Ms. Baker availed herself of this ability by sending a letter via certified mail to CSEA ending her membership and revoking authorization to make <u>any</u> deductions from her lawfully earned wages for use in CSEA's political speech. A true and correct copy of Ms. Baker's letter is included as **Ex. A**.

12.     This revoked authorization applied to CSEA's political speech in the form of dues deductions, deductions for CSEA's Victory Club, which is used to support candidates of CSEA's choosing at the local, state, and federal levels, and all other applicable deductions.

13.     Ms. Baker received an email from Andrew Kahn, CSEA's Chief

COMPLAINT
No.

5

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Counsel, informing her that while she could be released from membership, Ms. Baker could not terminate the deductions until February 2023.

14. While Mr. Kahn claimed this restriction was contained in a CSEA card Ms. Baker had signed, and notwithstanding her written request for any applicable dues authorization possessed by CSEA, he did not provide her with a copy of any such document.

15. Because she believed CSEA could only have her 2009 membership application card containing no such restriction, when Mr. Kahn did not provide a copy, Ms. Baker attempted to secure a copy of from the District.

16. District officials claimed the District did not have a copy of any 2009 card.

17. District officials also did not believe they were allowed to provide her with a requested copy of the 2009 card, even if they possessed it.

18. District officials directed Ms. Baker back to CSEA.

19. In a subsequent email, Mr. Kahn again refused to release Ms. Baker from continued CSEA deductions from her lawfully earned wages.

20. Responding to her second request for a copy of whatever card purported to authorize the continued deductions from her lawfully earned wages for CSEA's political speech, Mr. Kahn sent Ms. Baker a copy of a <u>blank</u> authorization form lacking both her specific information and signature.

COMPLAINT
No.

6



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

21.    Ms. Baker also received a letter directly from CSEA reiterating that it claimed to possess an authorization signed by Ms. Baker allowing CSEA to continue instructing the District Defendants to take her lawfully earned wages for use in CSEA's political speech until February 2023. A true and correct copy of this letter is included as **Ex. B**.

22.    This letter included instructions that in order to a restriction on her ability to end the deductions, to which she did not recall agreeing, she must submit to a recorded interview under oath before CSEA attorneys.

23.    Again, CSEA did not provide Ms. Baker with a copy of this supposed dues authorization.

**B. CSEA Finally Agrees to Release Ms. Baker from Deductions**

24.    Left with no alternative, Ms. Baker retained counsel.

25.    Ms. Baker's counsel prepared and submitted a letter to Mr. Kahn on her behalf in June 2022. A true and correct copy of this letter is included as **Ex. C**.

26.    This letter again requested a copy of any dues authorization card possessed by CSEA regarding Ms. Baker.

27.    This letter requested that she immediately be released from future dues deductions.

28.    This letter also requested CSEA refund her the amount of her lawfully earned wages taken after she withdrew authorization in April 2022.

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

29.     In response, Mr. Kahn sent Ms. Baker's counsel an email suggesting CSEA refund Ms. Baker's lawfully earned wages in exchange for releasing CSEA and its agents from liability to that date.

30.     Mr. Kahn confirmed that Ms. Baker had been released from CSEA membership in April 2022.

31.     Mr. Kahn finally included a copy of a CSEA membership and dues authorization form purportedly executed by Ms. Baker in 2020, restricting her ability to end the deductions until February 2023. A copy of this form is included as **Ex. D**.

32.     The document does not contain a wet signature, but instead has an electronic signature Ms. Baker did not provide.

33.     Ms. Baker had never seen this document before.

34.     To avoid litigation on the matter, CSEA offered to resolve the issue through a settlement agreement.

35.     Despite Mr. Kahn's assurance that there was no need for a formal agreement memorializing the terms, Ms. Baker's counsel insisted.

**C. The Settlement Agreement**

36.     The July 2022, settlement agreement between Ms. Baker and CSEA states that Ms. Baker would no longer be subject to dues or any other deductions for CSEA purposes.

37.     Ms. Baker has complied with all her obligations under the settlement

COMPLAINT
No.

8

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

agreement, and CSEA complied with all its obligations, save one.

**D. CSEA Takes Ms. Baker's Lawfully Earned Wages, Breaching Their Settlement Agreement**

38.    Upon information and belief, CSEA never directed the District Defendants to cease taking dues and political contributions from Ms. Baker's paycheck.

39.    CSEA took no deductions from Ms. Baker's lawfully earned wages from her monthly paycheck at the end of July 2022, immediately following the settlement agreement, but not taking dues in July is standard CSEA practice for District employees in Ms. Baker's position.

40.    In August 2022, the nonconsensual CSEA deductions from Ms. Baker's lawfully earned wages resumed.

41.    This includes CSEA dues deductions, and deductions for CSEA's Victory Club.

42.    Trusting CSEA's assurance that the deductions would cease, per the settlement agreement, Ms. Baker did not check the line items concerning union dues on her paystub until noticing them in September 2023.

43.    It was only at this point that Ms. Baker became aware CSEA was still taking nonconsensual deductions from her lawfully earned wages.

44.    Ms. Baker immediately called Jelica Aruza, a human resources

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

technician for the District.

45.   Ms. Baker informed Ms. Azura that she had a settlement agreement with CSEA that no more money would be taken from her lawfully earned wages to fund CSEA's political speech.

46.   Ms. Azura informed Ms. Baker that CSEA had never instructed the District to stop the deductions.

47.   The nonconsensual deductions have continued.

48.   Ms. Baker's paystubs reflect monthly nonconsensual deductions of varying amounts, but most frequently a monthly total of $60.25 for CSEA's political speech since August 2022. A true and correct copy of Ms. Baker's recent paystub is included as **Ex. E**.

49.   In total, CSEA has taken and spent $796.25 of Ms. Baker's lawfully earned wages without her affirmative consent on its political speech and in direct breach of the settlement agreement between Ms. Baker and CSEA.

**E. Allegations Applicable to Claims for Prospective Relief**

50.   The controversy between Ms. Baker and the Defendants is a concrete dispute concerning the legal relations of parties with adverse legal interests.

51.   Ms. Baker and CSEA dispute the constitutionality and legality of the continuing diversion and spending of admitted non-member Ms. Baker's lawfully earned wages on CSEA's political speech.

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

52.   Since August 2022 CSEA has instructed the District Defendants to continuously take admitted non-member Ms. Baker's lawfully earned wages and divert a portion to CSEA for use in political speech.

53.   These acts have continued through Ms. Baker's most recent monthly paycheck dated November 30, 2023, and there is no reason to expect these will stop absent litigation.

54.   Ms. Baker has not, and does not, affirmatively consent to these continuing deductions.

55.   Further, CSEA's actions are in direct breach of its settlement agreement with Ms. Baker, pursuant to which CSEA agreed that all unauthorized CSEA deductions from her lawfully earned wages would cease.

56.   Ms. Baker and the District dispute the total lack of pre-deprivation procedural protections provided to Ms. Baker prior to her lawfully earned wages being taken to fund CSEA's political speech.

57.   This includes the denial of sufficient notice of the deductions, an opportunity to contest, and access to a neutral third party decision maker.

58.   All Defendants maintain the legality of their actions.

59.   The declaratory relief sought is not based on a hypothetical state of facts, nor would it amount to a mere advisory opinion.

60.   Rather, Ms. Baker asks the Court to declare the legal rights of parties

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

1    with adverse interests in a continuing controversy.

2        61.    Injunctive relief is appropriate, as Ms. Baker is suffering a continuing

3    irreparable injury to her First and Fourteenth Amendment rights.

4        62.    There is no adequate remedy at law for these continuing injuries.

5    As a result of the foregoing, justiciable controversy exists between Ms. Baker and

6    the Defendants regarding their respective legal rights.

7

8                          **CAUSES OF ACTION**

9                              **COUNT I**
10                        **(Against all Defendants)**
                    **Freedom of Speech – First Amendment**
11                          **(42 U.S.C. § 1983)**

12        63.    Ms. Baker re-alleges and incorporates by reference each and every

13    paragraph above.

14        64.    The Free Speech Clause of the First Amendment prohibits the

15    Defendants from compelling Ms. Baker to subsidize the political speech of CSEA

16    by taking and spending her lawfully earned wages without affirmative consent.

17        65.    There is no substantive difference between "agency fees" taken without

18    affirmative consent and spent on politics by unions, and "any other payment" taken

19    without affirmative consent and spent on politics by unions; all result in compelled

20    speech. *Janus*, 138 S. Ct. at 2486.

21

22

23   COMPLAINT                         12
     No.
24

66. Because of its position in the public labor sector, every activity CSEA engages in is a form of political speech falling under the First Amendment's prohibition on compelled speech.

67. Nonconsensual spending on explicit political causes, like the candidates supported through CSEA's Victory Club, was constitutionally prohibited even before the *Janus* case. *See Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 236 (1977).

68. CSEA has no contractual authorization or affirmative consent from Ms. Baker to receive and spend her lawfully earned wages on political speech.

69. CSEA agreed to a settlement agreement, effective July 13, 2022, which required CSEA to cease all unauthorized deductions from her lawfully earned wages.

70. Ms. Baker does not affirmatively consent to any deductions from her lawfully earned wages to subsidize CSEA's political speech.

71. The union no longer considered Ms. Baker a union member as of April 2022.

72. Nevertheless, CSEA intentionally instructed the District Defendants, pursuant to its authority under California Government Code § 1157.12 and Article 3.1.2 of the applicable CBA between CSEA and the District, to take Ms. Baker's lawfully earned wages and divert the money to CSEA for use in political speech.

73. The District Defendants then intentionally took Ms. Baker's money,

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

repeatedly, without inquiring whether Ms. Baker chose to be a member, or whether the deductions were voluntary deductions that members elect.

74.     Both CSEA and the District Defendants were aware that by taking Ms. Baker's money and spending it on CSEA's political speech without her consent violated Ms. Baker's First Amendment rights.

75.     At the very least, CSEA and the District Defendants' actions exhibited a deliberate indifference to Ms. Baker's rights.

76.     § 1157.12 and the CBA between CSEA and the District function to place CSEA in complete control of public employee deductions.

77.     CSEA can unilaterally restrict a public employee like Ms. Baker from ending nonconsensual deductions from their lawfully earned wages.

78.     CSEA also can unilaterally allow a public employee like Ms. Baker to end nonconsensual deductions from their lawfully earned wages.

79.     Public employers, like the District, are statutorily required to rely upon the representations of CSEA regarding individual employees.

80.     CSEA need not actually possess authorization from a given public employee in order to authorize deductions from their lawfully earned wages.

81.     CSEA can even electronically insert an employee's signature on an authorization form without their knowledge.

82.     Any and all of these actions do not constitute a misuse of § 1157.12.

14

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

83.   Instead, § 1157.12 sanctions and promotes such behavior.

84.   The continued nonconsensual deductions taken by the District Defendants pursuant to this statutory and contractual system, and the receipt and use of the money by CSEA for its political speech, violated and continues to violate Ms. Baker's First Amendment rights against compelled speech.

85.   Ms. Baker has suffered, and continues to suffer, irreparable injuries to her right to freedom from compelled speech pursuant to the First Amendment.

86.   Therefore, Ms. Baker seeks compensatory and nominal damages, plus interest as allowed by law,  against CSEA for the injuries to her First Amendment rights, and nominal damages and equitable relief against all the Defendants to end the continuing irreparable injuries to her First Amendment rights, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-2202, and attorneys' fees and costs as provided by 42 U.S.C. § 1988.

## COUNT II
### Procedural Due Process – First and Fourteenth Amendments
### (Against all Defendants)
### (42 U.S.C. § 1983)

87.   Ms. Baker re-alleges and incorporates by reference each and every paragraph included above.

88.   The First Amendment requires pre-deprivation procedural safeguards to minimize the risk that an employee's money will be taken even temporarily to

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

fund a union's political speech, causing irreparable harm.

89.     Additionally, the Fourteenth Amendment's Due Process Clause requires the provision of constitutionally adequate procedures before an individual is deprived of liberty interests, like free speech interests.

90.     The Due Process Clause also requires the provision of constitutionally adequate procedures before an individual is deprived of property interests, like lawfully earned wages.

91.     Ms. Baker has a liberty interest in her First Amendment right to be free from compelled speech.

92.     Ms. Baker has a property interest in her lawfully earned wages.

93.     The District Defendants and CSEA intentionally denied Ms. Baker the required pre-deprivation procedural protections to ensure she did not suffer irreparable harm through nonconsensual deductions from her lawfully earned wages.

94.     Supreme Court precedent has long placed both the District Defendants and CSEA on notice that union deductions from public employees' lawfully earned wages present inherent risks to those employees' First Amendment rights. *See Hudson*, 475 U.S. at 305-10.

95.     Supreme Court precedent has long placed Defendants' on notice that union deductions from public employees' lawfully earned wages taken without affirmative consent violate those employees' First Amendment rights. *See Janus*,

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

138 S. Ct. at 2486.

96.     Thus, the Defendants' failure to provide Ms. Baker the required procedural protections prior to taking her wages without affirmative consent occurred through deliberate indifference to her rights, and was intentional.

97.     As shown by the facts alleged herein, § 1157.12 and the CBA function to place CSEA in complete control of public employee deductions.

98.     District Defendants did not even have a copy of any authorization by Ms. Baker allowing CSEA deductions.

99.     If they had possessed such a document with an electronic signature supplied by CSEA without Ms. Baker's knowledge, the District Defendants would have relied upon it to take her lawfully earned wages for CSEA purposes.

100.   If they possessed such a document, they would have denied her access to it.

101.   Even after Ms. Baker contacted the District Defendants and informed them directly that she did not affirmatively consent to CSEA deductions from her lawfully earned wages, District Defendants informed her that they act in accordance with instructions from CSEA.

102.   Each Defendant's continued denial of necessary pre-deprivation procedural protections  pursuant to this statutory and contractual system, violated and continue to violate Ms. Baker's Fourteenth Amendment right to procedural due

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

1    process.

2        103.   Ms. Baker has suffered, and continues to suffer, injuries to her

3    Fourteenth Amendment right to procedural due process through the District

4    Defendants' and CSEA's intentional actions.

5        104.   Therefore, Ms. Baker seeks compensatory and nominal damages, plus

6    interest as allowed by law, against CSEA for the injuries to her Fourteenth

7    Amendment rights, and nominal damages and equitable relief against all the

8    Defendants to end the continuing irreparable injuries to her Fourteenth Amendment

9    rights, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-2202, and attorneys'

10   fees and costs as provided by 42 U.S.C. § 1988.

**COUNT III**
**Breach of Contract - Cal. Civ. Code § 1549**
**(Against CSEA)**
**(Cal. Civ. Code § 1549)**

14       105.   Ms. Baker re-alleges and incorporates by reference each and every

15   paragraph included above.

16       106.   On July 13, 2022, CSEA entered into a confidential written settlement

17   agreement with Ms. Baker through their respective counsel.

18       107.   In this settlement agreement, CSEA agreed that it would not authorize

19   the District Defendants to take Ms. Baker's lawfully earned wages for use in CSEA's

20   political speech.

21

22

23   COMPLAINT                              18
     No.

24

108.   Instead, CSEA has continued to authorize the District Defendants to take Ms. Baker's lawfully earned wages without her affirmative consent for use in CSEA's political speech.

109.   CSEA materially breached its settlement agreement with Ms. Baker.

110.   Ms. Baker has fully performed all of her obligations under the settlement agreement.

111.   As a direct and proximate result of CSEA's breach, Ms. Baker has been damaged in an amount to conform to proof at trial, but no less than $796.25, as allowed by law, plus interest as allowed by law, and attorney's fees and costs as provided by Cal. Civ. Proc. Code § 1021.5.

112.   Therefore, Ms. Baker seeks compensatory and nominal damages, and equitable relief to end her continuing irreparable injuries against CSEA for breach of contract, pursuant to Cal. Civ. Code § 1549, over which this Court has supplemental jurisdiction, plus interest as allowed by law.

## PRAYER FOR RELIEF

Wherefore, Wendy Baker respectfully requests that this Court:

**A.     Issue a declaratory judgment:**

- That the District Defendants' continued deductions from Ms. Baker's lawfully earned wages without affirmative consent to fund CSEA's political speech

COMPLAINT
No.

19

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

1   violates her First Amendment right to freedom from compelled speech.

2   • That the District Defendants' continued intentional action denying Ms.

3   Baker's pre-deprivation procedural due process protections prior to her lawfully

4   earned wages being taken to fund CSEA's political speech violates her First and

5   Fourteenth Amendment rights to procedural due process.

6   • That CSEA's continued authorization of deductions from Ms. Baker's

7   lawfully earned wages without affirmative consent is a violation of her First

8   Amendment right to freedom from compelled speech.

9   • That CSEA's continued intentional action denying Ms. Baker's pre-

10   deprivation procedural due process protections prior to her lawfully earned wages

11   being taken to fund CSEA's political speech violates her First and Fourteenth

12   Amendment rights to procedural due process.

13   • That CSEA's authorization of nonconsensual deductions from Ms.

14   Baker's lawfully earned wages is a material breach of its settlement agreement with

15   Ms. Baker and thus violates California contract law.

16   **B.    Issue a permanent injunction:**

17   • Enjoining the District Defendants from diverting Ms. Baker's lawfully

18   earned wages to CSEA for use in CSEA's political speech in violation of Ms.

19   Baker's First Amendment right to freedom from compelled speech.

20   • Enjoining the District Defendants from denying Ms. Baker required

21

22

23

24

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874

pre-deprivation procedural due process protections, including, but limited to, sufficient notice, an opportunity to contest, and access to a neutral third party decisionmaker, in violation of Ms. Baker's First and Fourteenth Amendment rights to procedural due process.

- Enjoining CSEA from directing the District Defendants to divert Ms. Baker's lawfully earned wages to CSEA for use in CSEA's political speech in violation of Ms. Baker's First Amendment right to freedom from compelled speech.

- Enjoining CSEA from denying Ms. Baker required pre-deprivation procedural due process protections, including notice, an opportunity to contest, and access to a neutral third party decisionmaker, in violation of Ms. Baker's First and Fourteenth Amendment rights to procedural due process.

**C. Enter judgment:**

- Awarding Ms. Baker compensatory damages from CSEA in the amount of approximately $796.25, plus interest at the maximum allowed by law.

- Awarding Ms. Baker additional compensatory damages from CSEA for the violation of her First and Fourteenth Amendment rights, and breach of contract, in an amount to be determined at trial.

- Award Ms. Baker $1.00 in nominal damages from each of the Defendants for the deprivation of her First and Fourteenth Amendment rights.

- Award Ms. Baker costs and attorneys' fees pursuant to 42 U.S.C. §

COMPLAINT
No.

21

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

1988.

• Award Ms. Baker any further relief to which she may be entitled, and this Court deems just and proper.


Date: December 6, 2023                    Respectfully submitted,

                                          FREEDOM FOUNDATION

                                          Timothy Snowball, Cal Bar No. 317379
                                          Shella Alcabes, Cal Bar No. 267551
                                          Freedom Foundation
                                          PO Box 552
                                          Olympia, WA  98507
                                          Telephone: (360) 956-3482
                                          tsnowball@freedomfoundation.com
                                          salcabes@freedomfoundation.com

                                          *Attorneys for Plaintiff*

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F:  360.352.1874